

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,463-01

### EX PARTE JOSE LUIS GONZALEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1249692-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and sentenced to 180 days' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that counsel failed to advise him of the deportation consequences of his guilty plea. *Padilla v. Kentucky*, 559 U.S. 356 (2010). Counsel responded in a sworn affidavit, and the trial judge found his affidavit credible, made findings of fact and conclusions of law, and recommended that we deny relief. On May 8, 2013, we adopted the trial judge's findings of fact and denied relief.

On May 13, 2013, we received a supplement from the District Clerk. It included a motion Applicant filed in the trial court to set aside the trial judge's findings and conclusions; an order the trial judge signed granting this motion; and new findings and conclusions, prepared by Applicant and signed by the trial judge on May 1, 2013, recommending that this Court grant relief on Applicant's ineffective assistance of counsel claim.

On June 12, 2013, we reconsidered our previous denial on our own motion and remanded this application for further findings and conclusions. On January 15, 2014, after determining that the record was not adequate, we remanded this application again and directed the trial judge to determine whether Applicant was removed from the United States for reasons unrelated to his conviction. According to the record, Applicant was subject to removal under 8 U.S.C. § 1227(a)(1)(C)(i) and was admitted to the United States as a border crosser or nonimmigrant visitor at a Mexican border port of entry for a temporary period and had not received permission to remain in the United States beyond the authorized period.

On remand, the trial judge found that Applicant was removed under 8 U.S.C. § 1227(a)(1)(C)(i), not because he had been convicted in the present case. We conclude that Applicant has not demonstrated that he would have insisted on a trial but for counsel's advice. *Hill v. Lockhart*, 474 U.S. 52 (1985). Relief is denied.

Filed: October 1, 2014
Do not publish